**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IDO MOSHE SAMUELSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-02457 |
| | § | |
| APTIV U.S. SERVICES GENERAL | § | |
| PARTNERSHIP, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM & ORDER**

Before the Court is *pro se* Plaintiff Ido Samuelson's Motion for Preliminary Injunction (ECF No. 21). For the reasons that follow, the Court **DENIES** the Motion.

**I.    BACKGROUND**

This is an employment dispute arising under Section 806 of the Sarbanes-Oxley Act, 18 U.S.C. § 1514A ("SOX"). Plaintiff was employed by Defendant Aptiv U.S. Services General Partnership ("Aptiv"), a publicly traded technology and software company, as a Principal Cloud Architect from March 1, 2022 through March 14, 2023. ECF No. 1 ("Complaint") at ¶ 1. He alleges that he was terminated in retaliation for reporting practices that he believed were in violation of federal securities law to Katherine Ramundo, Aptiv's Chief Legal Officer, as well as other executives, in violation of SOX's anti-retaliation provision. *Id*. at ¶¶ 31-42.

Plaintiff originally filed a complaint with the Occupational Safety and Health Administration ("OSHA") on April 5, 2023. *Id*. at ¶ 15. OSHA dismissed Plaintiff's complaint on April 10, 2024, finding that he had not engaged in a protected activity under SOX. *Id*. at ¶ 16.

Plaintiff appealed that decision to an Administrative Law Judge (ALJ), who denied Defendant's Motion to Dismiss on January 10, 2025, finding that Plaintiff had plead sufficient facts to overcome a motion to dismiss. *Id*. at ¶ 17. On April 28, 2025—before OSHA had issued a decision on Plaintiff's claims—Plaintiff opted to exercise his right to file a de novo action in federal district court. *See* 18 U.S.C. § 1514A(b)(1)(B) ("[I]f the Secretary [of Labor] has not issued a final decision within 180 days of the filing of the complaint and there is no showing that such delay is due to the bad faith of the claimant, [the claimant may seek relief by] bringing an action at law or equity for de novo review in the appropriate district court of the United States."). Plaintiff originally filed suit in the District of Colorado, which dismissed the action for lack of personal jurisdiction. *Id*. at ¶ 24. He subsequently re-filed the suit in this district on March 26, 2026.

## II.    DISCUSSION

Currently before the Court is Plaintiff's Motion for a Preliminary Injunction. Plaintiff asks the Court to order Aptiv to provide "preliminary economic reinstatement" of the compensation package he received while employed by Aptiv. Specifically, Plaintiff requests that Aptiv be ordered to pay him $827,000 per year, or $68,917 per month, at least until the next scheduled hearing on July 10, 2026. ECF No. 21 ("Motion") at 12-13. This amount is reflective of Plaintiff's base salary of $430,000, his annual incentive target of $172,000, and his annual long-term incentive award of $225,000. *Id*. at 13.

Plaintiff argues that this unusual preliminary relief is justified through a combination of the Court's authority to issue preliminary injunctions under Federal Rule of Civil Procedure 65 and the statutory scheme of § 1514A(b). The Court disagrees on both counts.

### A. Plaintiff is Not Entitled to a Preliminary Injunction Under Federal Rule of Civil Procedure 65.

A preliminary injunction under Federal Rule of Civil Procedure 65 is an "extraordinary and drastic remedy." *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985). A party seeking a preliminary injunction "must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Nat. Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008). Only when the movant has "clearly carried the burden of persuasion" should a court grant preliminary injunctive relief. *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009).

Here, the second factor—whether Plaintiff is likely to suffer irreparable harm in the absence of preliminary relief—is dispositive. As Defendants note, the law is clear that "[t]here can be no irreparable injury where money damages would adequately compensate a plaintiff." *DFW Metro Line Servs. v. Sw. Bell Tel. Co.*, 901 F.2d 1267, 1269 (5th Cir. 1990). Here, Plaintiff's alleged injuries are monetary in nature and are compensable by money damages.

The Fifth Circuit has stated that "[i]n lawsuits alleging wrongful termination or adverse employment action, the plaintiff is ordinarily not irreparably harmed." *Sambrano v. United Airlines, Inc.*, No. 21-11159, 2022 WL 486610, at *6 (5th Cir. Feb. 17, 2022). This is because "the statutory relief available at the conclusion of a successful lawsuit (including reinstatement and back pay) can adequately compensate the plaintiff for the employer's wrongful conduct." *Id*. As Plaintiff acknowledges, these same remedies are available under SOX. In *Sambrano*, the Fifth Circuit noted that "any harm caused by [the adverse employment] action is compensable if at all only at the end of the suit." *Id*. at *7. This Court agrees and finds that Plaintiff cannot show that

he is likely to suffer irreparable harm in the absence of court-ordered preliminary economic reinstatement.[1]

Plaintiff argues that he will be irreparably injured absent a preliminary injunction because of the dire financial and other consequences he faces as a result of his allegedly wrongful termination—including falling behind on mortgage payments, accumulating extensive credit card and medical debt, and the potential removal of his children from their school for failure to pay tuition. Motion at 18-19. But devastating as these circumstances undoubtedly are for Plaintiff, they are exactly the type of harm that "resulted only from the employer's decision to fire [Plaintiff]." *Sambrano*, 2022 WL 486610, at *7. Such harms cannot support a preliminary injunction in a wrongful termination case. *Id.*; *see also Morgan v. Fletcher*, 518 F.2d 236, 240 (5th Cir. 1975) (holding that the loss of 45% of plaintiff's family's income, likely foreclosure on her home, and loss of medical benefits did not constitute irreparable harm sufficient to support a preliminary injunction in employment case). While the Court is sympathetic to the impact of Plaintiff's termination on Plaintiff and his family, harms stemming directly from an allegedly wrongful termination are not the type of irreparable injury that can justify the issuance of a preliminary injunction. *See Sampson v. Murray*, 415 U.S. 61, 90 (1974) ("[It is] clear that the temporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury.").

**B. The Sarbanes-Oxley Act Does Not Provide a Basis for Preliminary Relief.**

Plaintiff acknowledges that Federal Rule of Civil Procedure 65 provides the appropriate framework for seeing a preliminary injunction in federal court. However, he contends that the

---

[1] While *Sambrano* and the cases it cites alleged discrimination under Title VII rather than retaliation under SOX, the harm suffered by the terminated employee is the same.

remedies provided by SOX weigh in favor of granting preliminary injunctive relief in the form of economic reinstatement. Specifically, Plaintiff points to the fact that SOX authorizes a prevailing employee to recover "all relief necessary to make the employee whole," including "reinstatement with the same seniority status that the employee would have had, but for the discrimination" and "the amount of back pay, with interest." 18 U.S.C. § 1514A(c)(2)(A)–(B). He also points out that when a SOX plaintiff elects to proceed before the administrative agency rather than in federal court, the statute's implementing regulations provide that if, after conducting an investigation, "the Assistant Secretary concludes that there is reasonable cause to believe that a violation has occurred," the Assistant Secretary will issue "a preliminary order providing relief to the complainant," including "all relief necessary to make the employee whole." 29 C.F.R. § 1980.105(a)(1). Plaintiff "does not contend that § 1514A independently mandates preliminary reinstatement," but rather "contends that § 1514A(b)(1)(B)'s grant of jurisdiction 'at law or equity,' combined with Rule 65 and Rule 65(e)(1)'s savings clause for employer-employee actions, supplies the authority" for the relief he seeks. ECF No. 30 at 1-2.

These arguments are unavailing. As Plaintiff acknowledges, the portions of § 1514A relating to reinstatement and other remedies to "make the employee whole" are remedies to be awarded after a plaintiff has prevailed, not an independent basis for preliminary injunctive relief. Indeed, the Supreme Court has stated that the availability of backpay or other similar compensatory damages should an employee ultimately succeed on his wrongful termination claim weighs against granting preliminary injunctive relief. *Sampson*, 415 U.S. at 90 ("[t]he possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation[] weighs heavily against a claim of irreparable harm."). Had Congress wished to afford

5 / 6

this relief to SOX plaintiffs at an earlier stage, it could easily have included a provision providing for preliminary relief. It declined to do so.

The fact that some form of preliminary relief is available in an agency proceeding likewise does not alter the Court's Rule 65 analysis. The applicable regulations provide for preliminary relief only after the Secretary of Labor has conducted an investigation into the employee's claim and issued a preliminary decision in the employee's favor. Here, Plaintiff elected to forgo his agency proceedings in favor of filing a federal lawsuit. In so doing, Plaintiff gave up the right to have his claim investigated by the agency and the possibility that the agency may have issued a preliminary decision in his favor. The OSHA regulations that Plaintiff cites are not applicable to this proceeding, and unlike the agency, the Court has no power to independently investigate Plaintiff's claim. The fact that Plaintiff may at some point have become entitled to preliminary relief had he continued to pursue his claim before OSHA does not weigh in favor of granting a preliminary injunction in federal court.[2]

### III.    CONCLUSION

For these reasons, Plaintiff's Motion for a Preliminary Injunction is **DENIED**.


**IT IS SO ORDERED.**

Signed at Houston, Texas on May 29, 2026.

Keith P. Ellison
United States District Judge

---

[2] While Plaintiff cites cases in which courts have issued preliminary injunctions in favor of the Secretary of Labor mandating enforcement of the Secretary's order for preliminary reinstatement, the agency issued no such order in this case. *See, e.g.*, *Solis v. Tennessee Com. Bancorp, Inc.*, 713 F. Supp. 2d 701, 717 (M.D. Tenn. 2010). These decisions are therefore irrelevant to the question before the Court.